**Entered on Docket
January 13, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: January 13, 2010**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL H. CLEMENT CORPORATION,

    Debtor-in-Possession.
_____/

No. 09-43502 T
Chapter 11

**MEMORANDUM OF DECISION RE MOTIONS FOR RECONSIDERATION**

On October 14, 2009, the Court issued a Memorandum of Decision (the "Memorandum") with respect to the motion of Frank C. Alegre, Sr. and Helen C. Alegre as Trustees of the Frank C. Alegre and Helen C. Alegre Revocable Trust (hereinafter "Alegre") for an order deeming a nonresidential lease of real property rejected due to the debtor's failure to assume it within the time required by 11 U.S.C. § 365(d)(4) and for surrender of the leased premises. An order denying the motion was entered on November 5, 2009.

On November 13, 2009, Alegre filed a motion for reconsideration and noticed a hearing on the motion for December 14, 2009. On November 30, 2009, the above-captioned debtor (the "Debtor") filed an opposition to the motion and a countermotion. On December 4, 2009, the Court issued an order vacating the hearing on Alegre's motion for

reconsideration and the Debtor's countermotion, indicating that it would review the motions for merit before deciding whether to have the two motions set for hearing. On December 7, 2009, Alegre filed a reply to the Debtor's opposition to his motion and an opposition to the Debtor's countermotion.

On December 14, 2009, the Court issued an order in which it noted that the two motions were fully briefed but for a reply brief by the Debtor to Alegre's opposition to its countermotion. Therefore, the Court concluded, it appeared to be most efficient to give the Debtor a chance to file such a reply brief and to determine both motions at that time. The Court set a deadline of December 23, 2009 for the Debtor to file a reply brief and indicated that no hearing would be conducted unless the Court concluded that one would be helpful.

**DISCUSSION**

**A. SUMMARY OF FACTS AND MEMORANDUM DECISION**

The underlying dispute concerns real property located at 3500 Wilbur Avenue, Antioch, California (the "Property"). The Property was formerly owned by the Debtor and was sold to Alegre as part of a complicated agreement (the "RDA"). The Debtor operated its business on the Property, and the RDA gave it the right to continue to do so. Michael Clement, the principal of the Debtor, and other members of his family live in trailers located on the Property. At some point in time, which point has now occurred, the RDA required the Debtor to pay rent if it wished to continue to occupy the Property.

The Debtor filed a petition seeking relief under chapter 11 of the Bankruptcy Code on April 28, 2009. Section 365(d)(4) of the Bankruptcy Code requires that a nonresidential lease be assumed or rejected within 120 days of the filing of a chapter 11 petition date unless the Court extends the time for doing so. When the Debtor did not comply with this requirement, as noted above, Alegre filed a motion for an order deeming the lease rejected and for surrender of the Property.

The Debtor opposed the motion on two grounds. First, it contended that, because Michael Clement and various family members lived on the Property, the lease was residential. Second, it contended that the lease was so intertwined with the other provisions of the RDA that the deadline established by § 365(d)(4) did not apply.

In the Memorandum, the Court concluded that the lease was nonresidential. The RDA made no mention of the Clement family's right to reside on the Property. Moreover, it appeared that the zoning applicable to the Property did not authorize the Clement family to live there. However, the Court denied Alegre's motion because it agreed with the Debtor that the lease was so intertwined with the other provisions of the RDA as to make the deadline established by § 365(d)(4) inapplicable.

**B. ALEGRE'S MOTION FOR RECONSIDERATION**

Alegre's motion for reconsideration contends that the Court committed a manifest error in determining that the lease was not a bona fide lease so as to be subject to the § 365(d)(4) deadline for

3

assumption or rejection. The Court has rejected the Debtor's contention that it is the owner of the Property and that the rights conveyed to the Debtor in the RDA do not constitute a disguised financing agreement. Alegre asks: "If the RDA does not constitute a lease, what is it and what are Alegre's rights?" Alegre asserts that the Court's holding leaves unanswered numerous questions concerning the nature of Alegre's and the Debtor's contractual relationship.

Alegre notes that the Court found in the Memorandum that the RDA appeared to give the Debtor the right to remain on the Property forever as long as it paid a fair rental rate. Alegre contends that this finding is a manifest error, because California law does not permit a lease of infinite duration. Since the RDA failed to fix a term for the Debtor's right to remain on the Property, the Debtor held only a month-to-month tenancy. A month-to-month tenancy is subject to the deadline for assumption or rejection under § 365(d)(4). Alegre also contends that the Court's other findings with respect to factors relevant to a determination of whether a contract constitutes a lease were in manifest error.

In opposition to the motion, the Debtor asserts that Alegre's arguments are simply a repetition of those originally advanced and therefore insufficient to support a motion for reconsideration. It characterizes as circular Alegre's argument that the RDA creates a month-to-month tenancy, because California law does not permit a lease of an indefinite term. The Debtor also contends that the other factors relied upon by the Court in making its determination

4

supported the Court's conclusion. It contends that the RDA created a hybrid legal relationship between the Debtor and Alegre, containing some characteristics of a lease and some characteristics of ownership.

Alegre's motion for reconsideration will be denied. The Court agrees with the Debtor that the RDA appears to have created a hybrid contractual relationship between the Debtor and Alegre, part lease and part property right. It would be contrary to the expressed intent of the RDA to characterize the Debtor's right to remain on the Property as a month-to-month tenancy. Such a right would be subject to loss at any time at Alegre's discretion, even if the Debtor were current on the rent. In any event, for purposes of this motion, the Court makes no final ruling as to the nature of the rights created by the RDA. The Court simply holds that the Debtor's failure to assume or reject the lease-like provisions of the RDA does result in the automatic rejection of the Debtor's right to remain on the Property. However, as stated in the Memorandum, the Debtor must pay the fair market rental rate for doing so.

**B. DEBTOR'S MOTION FOR RECONSIDERATION**

The Debtor asks the Court to reconsider its determination that the Property was nonresidential real property.[1] It contends that it

---

[1] Alegre contends that the Court should not consider the countermotion because it was filed more than 10 days after entry of the order denying Alegre's motion. The Debtor responds that the countermotion should be considered a motion pursuant to Rules 59 and/or 60 of the Federal Rules of Civil Procedure. In either case, the Debtor argues, its countermotion would be timely. The Court concludes that the timeliness of the countermotion is moot because, based on the merits, it declines to grant the countermotion.

5

has not been established that the zoning on the Property did not permit residential use. The Debtor notes that an unlawful detainer action filed by Alegre was dismissed by the state court. The Debtor also disputes that the principal use of the Property is commercial. While there are three businesses being operated on the Property, there are also three family groups living there. The Debtor also contends that the RDA envisioned the continued residential use of the Property by Michael Clement and his family members.

These arguments are unpersuasive. In its reply to the Debtor's opposition to the original motion, Alegre provided evidence that residential use of the Property violated the Antioch Municipal Code. No evidence has been provided as to why the unlawful detainer action was dismissed. Moreover, the Court is not even certain that the unlawful detainer action even raised the issue of persons living on the Property. The Court notes that the defendant in the action is the Debtor, not Michael Clement or his family members. Finally, the Court can find no statement in the RDA that supports the Debtor's contention that the RDA envisioned the continued residential use of the Property.

The Debtor also asks the Court to reconsider its finding that the RDA was not a financing lease. The Debtor contends that the rent initially charged did not reflect the value of the use of the Property. The timing of the rent was linked to the Holland Tract project. Rent would start to accrue only if the Holland Tract project was not completed within 15 months from the execution date of the RDA. The amount of the $104,000 credit to be applied to the rent

6

during the initial months after the rent started to accrue was linked to the purchase price for the Property.

The Court finds these arguments unpersuasive. More relevant was that, once rent began to accrue, the RDA set a rental rate of $5,000 per month initially, increasing to $7,000 thereafter, still later to be set at the fair market rental rate. These provisions appear to be linked to the value of the Debtor's use of the Property, not to any financing arrangement.

**CONCLUSION**

Both motions for reconsideration are denied. Neither party has established to the Court's satisfaction any manifest error of fact or law in the Memorandum. Counsel for the Debtor is directed to submit a proposed form of order denying Alegre's motion for reconsideration. Counsel for Alegre is directed to submit a proposed form of order denying the Debtor's countermotion for reconsideration.

END OF DOCUMENT

```
                        COURT SERVICE LIST

James A. Tiemstra
Law Offices of James A. Tiemstra
Tribune Tower
409 13th St. 15th Fl
Oakland, CA 94612

Jermeny W. Katz
Pinnacle Law Group
425 California St., Ste. 1800
San Francisco, CA 94104

Steven B. Piser
Law Offices of Steven B. Piser
499 Fourteenth St., Ste. 210
Oakland, CA 94612
```